IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LINDA L. SICIENSKI,

    Plaintiff,

v.                                Civil Action No. 3:07cv243

SAXON MORTGAGE SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's Motion to Dismiss Due to Improper Venue (Docket No. 7). For the reasons set forth below, the Defendant's motion is denied. However, because venue is improper in the Richmond Division of the Eastern District of Virginia, the action is transferred to the Alexandria Division.

## DISCUSSION

On April 25, 2007, the Plaintiff filed a Complaint alleging common law defamation and a violation of the Real Estate Settlement Practices Act (RESPA), which is codified in relevant part at 12 U.S.C. § 2605. (See Compl. at 3-6.) According to the Complaint, federal jurisdiction is conferred by 12 U.S.C. § 2614. (Id. at 1.) The Complaint also alleges venue to be proper under 28 U.S.C. § 1391. (Id.) The Defendant contends that venue is improper under 12 U.S.C. § 2614, and urges the Court to dismiss this action. (See Mem. in Supp. of Mot. to Dismiss Due to Improper Venue ("Def.'s Mem.") at 1-2.)

Under 12 U.S.C. § 2614, any action brought under 12 U.S.C. § 2605, the statute at issue here, may be brought "in the United States district court . . . for the district in which the property involved is located, or where the violation is alleged to have occurred." Those venue provisions control the Court's analysis of the Defendant's motion because 28 U.S.C. § 1391(b), the venue statute cited by the Plaintiff, only controls venue "except as otherwise provided by law." (See Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss Due to Improper Venue ("Pl.'s Mem.") at 4.)

Under Local Civil Rule 3(C), the Court applies federal venue rules to determine the division in which a suit should be brought within the Eastern District of Virginia. Here, it is undisputed that the "property involved" in this action is located in Prince William County, Virginia, which is within the Alexandria Division of this District. (See Compl. at 7; Def.'s Mem. at 1.) Moreover, the Plaintiff does not contend that "the violation" at issue here is "alleged to have occurred" in the Richmond Division of this District. Accordingly, under 12 U.S.C. § 2614 and Local Civil Rule 3(C), venue is improper in the Richmond Division, but proper in the Alexandria Division.

Local Rule 3(C) authorizes transfer of an action from a division in which venue is improper to a division in which venue properly lies. Here, the parties agree that venue is proper in the Alexandria Division, so the action is transferred there.

2

(See Pl.'s Mem. at 10; Def.'s Mem. at 2.)

## CONCLUSION

For the reasons set forth above, venue in the Richmond division is improper and this action is hereby transferred to the Alexandria Division of the Eastern District of Virginia for adjudication. Accordingly, the Defendant's Motion to Dismiss Due to Improper Venue (Docket No. 7) is denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

/s/    REP
Robert E. Payne
Senior United States District Judge

Date: July 10, 2007
Richmond, Virginia